# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DORAL RUSH,

    Plaintiff,

v.                                              CASE NO. 8:19-cv-3034-T-26AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**

Pending before the Court is the *pro se* Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 in which he accuses trial counsel of failing to file an appeal. It has been this Court's experience that such a claim for relief always requires an evidentiary hearing at which an incarcerated defendant must be brought before the Court at considerable expense and inconvenience to the United States Marshal Service, as well as to the United States Attorney's Office, which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing. Additionally, in light of the Eleventh Circuit's opinion in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), the fact that Plaintiff executed a written plea agreement containing a provision in which he waived his right to appeal and collaterally

challenge his sentence in the underlying criminal case,[1] does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.  Finally, in light of the thorough and comprehensive inquiry this Court always undertakes with all defendants with regard to the standard waiver of appeal provision contained in Plaintiff's plea agreement, the Court is confident that any direct appeal pursued by Plaintiff will result in a dismissal of that appeal pursuant to *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in *United States v. Buchanan*, 131 F.3d 1005 (11th Cir. 1997).

In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion but only to the extent that Plaintiff will be afforded an out-of-time appeal pursued by appointed counsel.  In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).  The Court emphasizes that this determination to grant Plaintiff a belated appeal in his related criminal case is only made in the interest of judicial economy and is not to be construed as a determination on the merits of Plaintiff's claims for relief in his motion.

---

[1] *See* case number 8:18-cr-144-T-26AAS.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion to Vacate (Dkt. 1) is granted but only to the extent that Plaintiff may file a belated appeal in the related criminal case.

2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3) The Clerk is directed to enter judgment for Plaintiff and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on December 12, 2019.

*s/Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
U.S. Magistrate Judge Sansone
Counsel of Record
Plaintiff, *pro se*